## IN THE MATTER OF HUMPHREY FAMULARO, AN ATTORNEY AT LAW.

Argued February 18, 1975—Decided March 18, 1975.

*Mr. Frederick C. Vonhof* argued the cause for the Essex County Ethics Committee.

*Mr. John W. Noonan* argued the cause for respondent.

PER CURIAM. In this disciplinary matter the Essex County Ethics Committee, following a hearing at which respondent appeared and testified, found that respondent willfully and knowingly failed to represent his client zealously and failed to fulfill the contract of employment for professional services to the prejudice of his client.

The facts as found by the Committee are not controverted and are as follows: Respondent was retained by the defendant-wife in a matrimonial action. He failed and neglected to file a timely answer in her behalf with the result that a default was entered against her. Respondent applied for and was granted leave to file an answer and counterclaim within 10 days, but failed to do so. Thereafter, respondent was notified by the husband's attorney that the matter had been set down for trial on May 3, 1973 as an uncontested action, but respondent did not appear in court and the husband was granted a judgment of divorce. Respondent drafted a notice of motion to reopen the divorce judgment as to support, supported by his certification, and although he failed to file these motion papers, kept assuring his client that the case was pending and to be "patient." Finally the client retained other counsel.

Respondent blames the foregoing derelictions on part-time help in his office, secretarial slip up, his health, and his preoccupation with several outside business ventures.

The explanation offered is not persuasive. From beginning to end respondent's handling of the matter in question was unprofessional. His lack of attention to the case, even after he was told that it was proceeding as an uncontested matter, is inexplicable. He not only caused his client unnecessary anxiety, worry and frustration, but also substantially prejudiced her interests in the matrimonial suit. DR 7–101(A)(1) and (3). Of equal concern to us is respondent's failure to maintain an office control system

whereby proper attention is given to legal matters and cases which are his responsibility.

Respondent is hereby reprimanded for his conduct in the foregoing matrimonial matter. We do not impose more severe discipline at this time in view of the fact that respondent has been admitted to the bar for 35 years and this is the first disciplinary offense charged to him. We make it perfectly clear though, that respondent is on probation. The assurances given on his behalf that his practice and office will be put on an adequate professional basis, that proper records and files will be maintained and competent office help secured, are regarded as conditions of his continuing to practice law. Any further dereliction will mean the suspension of or loss of his license to practice law.

*For reprimand*—Chief Justice Hughes, Justices Jacobs, Mountain, Sullivan, Pashman and Clifford and Judge Conford—7.

*Opposed*—None.